ORDER
FORDHAM, JUDGE:
An application of the claimant, Darrell L. Byrd, for an award under the West Virginia Crime Victims Compensation Act, was filed May 17,2005. The report of the Claim Investigator, filed February 27, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on April 18, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed July 17, 2006. This matter came on for hearing January 24, 2007, the claimant appearing in person, and Assistant Attorney General Benjamin F. Yancey, III, for the State of West Virginia.
On January 30, 2005, the 46-year-old claimant was the victim of criminally injurious conduct in Charleston, Kanawha County. The claimant was standing in the parking lot of the Birdhouse Café when the offender, Bee Jay Taylor, approached him and knocked him out. Mr. Taylor then began kicking the claimant while he was down. The claimant suffered a broken nose and broken eye socket, and all of his upper teeth were kicked out.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W. Va. Code §14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant ... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained....”
The claimant testified at the hearing of this matter that on the day of the incident he had gone out with some friends for drinks. Mr. Byrd stated that he first arrived at the Birdhouse Café at approximately 2:00 p.m. He testified that while there he was drinking Seagram’s 7 and 7-Up and that he and his friends were shooting pool. At some point, the claimant and his friends left the Birdhouse Café and went to the American Legion, where Mr. Byrd testified that he had one beer. They then went back to the Birdhouse Café. The claimant testified that throughout the course of the day, he consumed approximately five or six Seagram’s 7 and 7-Up drinks and one beer. He stated that around 10:00 p.m. the bartender told him she would no longer serve him and asked him to leave. Mr. Byrd left the bar, and while he was standing in the parking lot, the bartender came outside and started yelling at him. He testified that the bartender’s boyfriend, Bee Jay Taylor, then came outside and hit him, knocking him out. Mr. Taylor then came back and began kicking him.
Also testifying at the hearing of this matter was Detective Autumn Davis of the Charleston Police Department, who stated that she had responded to the scene at the Birdhouse Café on the night in question. According to Detective Davis, the bartender informed her that Mr. Byrd had gotten involved in several arguments throughout the day and also cussed her out before she asked him to leave. Detective Davis stated that another witness revealed that Mr. Byrd had been drinking. Detective Davis then went to the hospital to interview the claimant, at which point she smelled alcohol on him.
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. The Court is of the opinion that he did not meet this *212 burden. There was evidence that the claimant had been drinking and had gotten into several arguments while at the bar. Since there was no evidence presented that the claimant was not guilty of contributory misconduct, the Court must deny this claim.
The Court is constrained by the evidence to stand by its previous ruling; therefore, this claim must be, and is hereby, denied.